Gerard F. Smith, Esq.
PEZOLD SMITH HIRSCHMANN & SELVAGGIO, LLC
One Broadway, Suite 201
Denville, New Jersey 07834
973-586-6700
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

——————————————————————X

HARTFORD FIRE INSURANCE CO. a/s/o : **Civil Action No.**
I-FE APPAREL, INC.,
    :
        Plaintiff,
v.   : **COMPLAINT**

FIRST EXPRESS LOGISTICS, INC.,   :
CHINA OCEAN SHIPPING (GROUP) CO. a/k/a
COSCO, M/V Tsing Ma Bridge V-051A,   :
K.S. TRUCKING, INC. and XYZ Corp.
    :
        Defendant.
——————————————————————X

The plaintiff, HARTFORD FIRE INSURANCE CO. a/s/o I-FE APPAREL, INC., ("HARTFORD" and "I-FE APPAREL" respectively), complaining of the above named defendants, alleges upon information and belief:

PARTIES

1.   At and during all times hereinafter mentioned, plaintiff, HARTFORD, was and is a domestic insurance company authorized to conduct business of insurance within the State of New York.

2.   At and during all times hereinafter mentioned, HARTFORD'S insured/subrogor, I-FE APPAREL, was and is a company organized under the laws of Delaware, authorized to

conduct business within New York State, and with its principal place of business at 550 Seventh Avenue, New York, New York 10018.

3. Upon information and belief, at and during all times hereinafter mentioned, FIRST EXPRESS LOGISTICS, INC. ("FEL") was and is a corporate entity with offices at 147-38 182 Street Ste 204, Jamaica, NY 11413. Upon information and belief, at and during all times hereinafter mentioned, FEL is engaged in the business of interstate transportation of goods by ocean and motor carrier, and is a common carrier, freight forwarder and/or non-vessel operating common carrier (NVOCC) of goods for hire.

4. Upon information and belief, at and during all times hereinafter mentioned, China Ocean Shipping (Group) Company, a/k/a COSCO or COSCO Group, is engaged in the business of worldwide transportation of goods by ocean and motor carrier, and are common carriers, and/or freight forwarders of goods for hire.

5. Upon information and belief, at and during all times hereinafter mentioned, K.S. TRUCKING, INC. ("K.S. TRUCKING") is a motor carrier authorized under MC No. 331951 of the Federal Motor Carrier Safety Administration, to transport property in interstate commerce throughout the 48 contiguous States, with its principal office located 130 West Commercial Avenue, Moonachie, New Jersey. Upon information and belief, at and during all times hereinafter mentioned, KS TRUCKING is engaged in the business of interstate transportation of goods by motor carrier, and is a motor carrier of goods for hire.

## JURISDICTION AND VENUE

6. This action seeks recovery of a claim for damaged and/or loss of freight in transit, which is cognizable as an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and involves application of 46 U.S.C. § 30701 *note* - the

2

Carriage of Goods by Sea Act ("COGSA"), and as such this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331(Federal Question).

7. This court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1337, as this action involves the liability of a motor carrier under 49 U.S.C. § 14706 (the "Carmack Amendment") and the amount in controversy exceeds $10,000, exclusive of interest and costs.

8. Venue is proper in the United States District Court for the District of New Jersey pursuant to the Paragraph 34 of the Terms and Conditions of the Bill of Lading of the defendant, FEL.

9. Venue is otherwise proper in the United States District Court for the District of New Jersey since the defendants regularly and systematically conducted business within the State of New Jersey and/or contracted to supply goods or services within the State of New Jersey such that valid service of process was or could have been made on the defendants in this district.

## STATEMENT OF THE CLAIM

10. In or about July 2011, I-FE APPAREL, contracted with defendants to transport a shipment of 66,000 pieces of men's woven denim pants, all Style No. 41150 packaged in three "CY/CY" containers by the shipper on or about July 17, 2011.

11. The shipment was intended to move by vessel at the Port of Yantain, China on July 17, 2011 to the Maher Terminal, Port Elizabeth, New Jersey, and thereafter, to be delivered to plaintiff, I-FE APPAREL, in South Hackensack, New Jersey.

12. On or about July 17 – 19, the shipment was tendered to defendants and/or its agents or subcontractors in good order and condition.

3

13. Defendant FEL received the shipment and acknowledged receipt of the shipment under FEL's Bill of Lading FSH114707.

14. Defendant, KS TRUCKING received the shipment and acknowledge receipt of the shipment under Delivery Order 028883.

15. On or about August 16 - 17, 2011, the shipment was delivered to the plaintiff, I-FE APPAREL in South Hackensack, New Jersey, wherein it was discovered that the three containers were wet, containing a hole in the containers' ceiling, towards the units' nose, causing severe damage to plaintiff's goods.

16. As a result of defendants' failure to deliver the shipment in good order and condition at destination, plaintiff has sustained actual damages in the amount of $28,122.00.

## FIRST COUNT
## (COGSA)

17. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 16 as if fully set forth herein.

18. Plaintiff and defendants entered into a contract for ocean carriage pursuant to 46 U.S.C. § 30701 *note* (COGSA).

19. Defendants and each of them breached their contract for ocean carriage by failing to deliver the shipment in good order and condition and, as a result of which, plaintiff's merchandise was greatly depreciated in value and plaintiff lost the use of same, for which it claims damages.

20. As a result of defendants' conduct and actions, defendants and each of them are liable to plaintiff for its full, actual damages as carriers, NVOCCs, and/or freight forwarders pursuant to COGSA, together with interest thereon from the date the shipment was delivered or scheduled to be delivered.

4

## SECOND COUNT
## (CARMACK)

21. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff and defendants entered into a contract for motor carriage pursuant to 49 U.S.C. § 14706 (the "Carmack Amendment").

23. Defendants and each of them breached their contract for motor carriage by failing to deliver the shipment in good order and condition and, as a result of which, plaintiff's merchandise was greatly depreciated in value and plaintiff lost the use of same, for which it claims damages.

24. As a result of defendants' conduct and actions, defendants and each of them are liable to plaintiff for its full, actual damages as carriers and/or freight forwarders pursuant to the Carmack Amendment, together with interest thereon from the date the shipment was delivered or scheduled to be delivered.

## THIRD COUNT
## (COMMON LAW BREACH OF CONTRACT)

25. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff and defendants entered into a contract to provide transportation services including a common law contract for carriage and/or bailment.

27. Defendants and each of them breached their common law contract to provide transportation services, the contract for carriage and/or bailment by failing to deliver the shipment in good order and condition and, as a result of which, plaintiff's merchandise was greatly depreciated in value and plaintiff lost the use of same, for which it claims damages.

28. As a result of defendants' conduct and actions, defendants and each of them are liable to plaintiff for its full, actual damages for breach of contract, together with interest thereon from the date the shipment was delivered or scheduled to be delivered.

## FOURTH COUNT
## (NEGLIGENCE)

29. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 28 as if fully set forth herein.

30. To the extent it is determined that defendants did not act as carriers or freight forwarders in transporting the shipments at issue and/or are otherwise found not to be subject to the provisions of COGSA or Carmack, plaintiff alleges, in the alternative, as follows.

31. Defendants owed a duty to plaintiff to utilize competent, qualified and fit carriers, agents and/or subcontractors to provide transportation services on behalf of plaintiff.

32. Defendants breached their duty owed to plaintiff and the damages sustained by plaintiff were caused by and through the carelessness, negligence and recklessness of defendants in failing and omitting to investigate and determine the competency, qualifications and fitness of the carriers, agents, subcontractors and/or other parties with which they made arrangements for the handling and transportation of plaintiff's property.

33. Defendants owed a duty to plaintiff to select proper equipment, carriers, agents and/or subcontractors and modes of transportation on behalf of plaintiff.

34. Defendants breached their duty owed to plaintiff and the damages sustained by plaintiff were caused by and through the carelessness, negligence and recklessness of defendants in failing and omitting to select proper equipment, carriers, agents, subcontractors and/or modes of transportation suitable for the nature and characteristics of plaintiff's property.

35. Defendants owed a duty to plaintiff to determine whether the carriers, agents, subcontractors and/or other parties they selected were properly licensed, registered and/or insured as required by applicable law, regulations and prudent business practices.

36. Defendants breached their duty owed to plaintiff and the damages sustained by plaintiff were caused by and through the carelessness, negligence and recklessness of defendants in failing and omitting to determine whether the carriers, agents, subcontractors and/or other parties they selected were properly licensed, registered and/or insured as required by applicable law, regulations and prudent business practices.

37. Defendants owed a duty to plaintiff to determine whether the carriers, agents, subcontractors and/or other parties they selected would attempt to limit their liability in the event of loss, damage or delay to plaintiff's property, and to obtain additional liability coverage or insurance to protect plaintiff's interests, and/or to advise plaintiff of the need to obtain such additional liability coverage or insurance.

38. Defendants breached their duty owed to plaintiff and the damages sustained by plaintiff were caused by and through the carelessness, negligence and recklessness of defendants in failing and omitting to determine whether the carriers, agents, subcontractors and/or other parties they selected had limited their liability in the event of loss, damage or delay to plaintiff's property, and to obtain additional liability coverage or insurance to protect plaintiff's interests and/or to advise plaintiff of such limitations so that plaintiff could obtain additional liability coverage or insurance to protect its own interests.

39. Defendants owed a duty to plaintiff to determine the cause of the loss, damage or delay and the identity of the carrier, agents, subcontractors or other parties responsible for such loss, damage or delay.

40. Defendants breached their duty owed to plaintiff and the damages sustained by plaintiff were caused by and through the carelessness, negligence and recklessness of defendants in failing and omitting to investigate the loss, damage or delay to plaintiff's property, and to determine the cause of the loss and the responsible carriers, agents, subcontractors or other parties, thereby prejudicing plaintiff's right of recovery against them.

41. Defendants owed a duty to plaintiff to file, serve or send a claim or notice of claim with the responsible carriers, agents, subcontractors or other parties in a timely manner.

42. Defendants breached their duty owed to plaintiff and the damages sustained by plaintiff were caused by and through the carelessness, negligence and recklessness of defendants in failing and omitting to file, serve or send a claim or notice of claim to the responsible carriers, agents, subcontractors or other parties in a timely manner, thereby prejudicing plaintiff's right of recovery directly against them.

43. As a result of defendants' carelessness, negligence and recklessness, defendants and each of them are liable to plaintiff for its full, actual damages for their acts or omissions of negligence, together with interest thereon from the date the shipment was delivered or scheduled to be delivered.

FIFTH COUNT
(CONVERSION)

44. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 43 as if fully set forth herein.

45. To the extent it is determined that defendants did not act as carriers or freight forwarders in transporting the shipments at issue and/or are otherwise found not to be subject to the provisions of COGSA or Carmack, plaintiff alleges, in the alternative, as follows.

46. Plaintiff tendered a certain quantity of freight to defendants for transportation.

47. Plaintiff's shipment arrived at destination with empty or missing cartons of freight and otherwise a lesser quantity of freight than was tendered to defendants for transportation.

48. Defendants have failed to provide an explanation for why plaintiff's freight was missing and not delivered.

49. Defendants failure to complete delivery of plaintiff's shipment, which remains unaccounted for, constitutes conversion.

50. As a result of defendants' conduct and actions, defendants and each of them are liable to plaintiff for its full, actual damages for conversion, together with interest thereon from the date the shipment was delivered or scheduled to be delivered.

WHEREFORE, plaintiff, HARTFORD FIRE INSURANCE CO. a/s/o I-FE APPAREL, INC., demands judgment against defendants, FIRST EXPRESS LOGISTICS, INC., CHINA OCEAN SHIPPING (GROUP) CO. a/k/a COSCO M/V Tsing Ma Bridge V-051A, K.S. TRUCKING, INC. and XYZ Corp. jointly and severally, on each count of the complaint, in the total amount of $28,122.00, together with pre-judgment and post-judgment interest thereon, an award of reasonable attorney's fees, and costs of suit to be taxed against defendants and for such other and further relief as this court may deem just and proper in this matter.

Dated: July 9, 2012

_____
Gerard F. Smith, Esq.
PEZOLD, SMITH, HIRSCHMANN & SELVAGGIO, LLC
One Broadway, Suite 201
Denville, New Jersey 07834
(973) 586-6700

*Attorneys for Plaintiff*