Alexander J. Anglim
ANGLIM LAW LLC
991 Highway 22, Suite 200
Bridgewater, NJ  08807
(908) 595-2122 (phone)
(908) 864-8099 (fax)
aja@anglimlaw.com

*Attorney for Defendant*
*First Express Logistics, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARTFORD FIRE INSURANCE CO. a/s/o I-FE APPAREL, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIRST EXPRESS LOGISTICS, INC., CHINA OCEAN SHIPPING CO. AMERICAS, INC., CHINA OCEAN SHIPPING (GROUP) CO. a/k/a COSCO, M/V TSING MA BRIDGE V-051A, K.S. TRUCKING, INC. AND XYZ CORP., <br><br> Defendants. | CIVIL ACTION NO.: 12-CV-4213 (SDW-MCA) <br><br> District Judge: Susan D. Wigenton, U.S.D.J. <br> Magistrate: Madeline C. Arleo, U.S.M.J. <br><br><br> **ANSWER,** <br> **AFFIRMATIVE DEFENSES,** <br> **AND JURY DEMAND** |

Defendant First Express Logistics, Inc. ("First Express"), located at 147-38 182nd Street, Suite 204, Jamaica NY 11413, through its undersigned counsel answers Plaintiff's complaint as follows:

### **PARTIES**

1.      First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

2.      First Express lacks sufficient information to form a belief as to the truth or falsity

of this allegation and leaves Plaintiff to its proofs.

3. First Express admits the first sentence of this paragraph. The second sentence of this paragraph contains only characterizations or legal conclusions, rather than factual allegations and, thus, no response is required. To the extent a response is required, the allegations are denied.

4. First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

5. First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

6. First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

## JURISDICTION AND VENUE

7. This paragraph contains only characterizations or legal conclusions, rather than factual allegations and, thus, no response is required. To the extent a response is required, the allegations are denied.

8. This paragraph contains only characterizations or legal conclusions, rather than factual allegations and, thus, no response is required. To the extent a response is required, the allegations are denied.

9. This paragraph contains only characterizations or legal conclusions, rather than factual allegations and, thus, no response is required. To the extent a response is required, the allegations are denied.

10. This paragraph contains only characterizations or legal conclusions, rather than factual allegations and, thus, no response is required. To the extent a response is required, the

allegations are denied.

## STATEMENT OF THE CLAIM

11. Denied.

12. Denied.

13. First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

14. Denied. The applicable bill of lading, to which Plaintiff is not a party, is numbered FSH110747.

15. First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

16. First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

17. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

## FIRST COUNT (COGSA)

18. First Express repeats and realleges the allegations of Paragraphs 1-17 as if set forth fully herein.

19. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

20. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

21. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

## SECOND COUNT (CARMACK)

22. First Express repeats and realleges the allegations of Paragraphs 1-21 as if set forth fully herein.

23. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

24. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

25. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

## THIRD COUNT (COMMON LAW BREACH OF CONTRACT)

26. First Express repeats and realleges the allegations of Paragraphs 1-25 as if set forth fully herein.

27. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

28. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

29. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

## FOURTH COUNT (NEGLIGENCE)

30. First Express repeats and realleges the allegations of Paragraphs 1-29 as if set forth fully herein.

31. This paragraph contains no factual allegations and, thus, no response is required. To the extent a response is required, the allegations are denied.

32. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

33. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

34. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

35. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

36. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

37. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

38. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

39. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

40. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

41. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

42. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

43. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

44. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

### FIFTH COUNT (CONVERSION)

45. First Express repeats and realleges the allegations of Paragraphs 1-44 as if set forth fully herein.

46. This paragraph contains no factual allegations and, thus, no response is required. To the extent a response is required, the allegations are denied.

47. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

48. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

49. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

50. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

51. Denied as to First Express. As to the other defendants, First Express lacks sufficient information to form a belief as to the truth or falsity of this allegation and leaves Plaintiff to its proofs.

**WHEREFORE**, Defendant First Express requests judgment in its favor, dismissing Plaintiff's complaint with prejudice, and for such other, further and different relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

1. Neither Plaintiff nor its alleged subrogor were in privity of contract with First Express.

2. First Express owed no legal or contractual duties to plaintiff and its alleged subrogor.

3. Plaintiff's claims are barred in whole or in part due to its (and/or its alleged subrogor's) breach(es) of the terms of the alleged contract.

4. Plaintiff's claims are barred in whole or in part based on the doctrines of waiver and/or estoppel.

5. Plaintiff's claims are barred in whole or in part based on the doctrine of laches.

6. Plaintiff's complaint fails to state a claim upon which relief could be granted as against First Express.

7. To the extent Plaintiff suffered any damages, which is denied, the same were caused by the acts of others over whom First Express had neither control nor legal responsibility.

8. To the extent Plaintiff and/or its alleged subrogor suffered any damages, which is denied, such damages were caused by their own conduct.

9. Plaintiff and/or its alleged subrogor failed to mitigate their damages, if any.

10. Defendants reserve the right to assert additional affirmative defenses as appropriate.

11. First Express's legal liability for Plaintiff's alleged damages is limited or eliminated by operation of law, including but not limited to COGSA.

12. First Express's legal liability for Plaintiff's alleged damages is limited or eliminated based on the express terms of the bill of lading.

13. First Express had neither physical control nor legal liability for the goods during the time they allegedly were damaged.

14. First Express's conduct was not the proximate cause of the damages allegedly suffered by Plaintiff and/or its alleged subrogor.

15. Plaintiff lacks standing to sue.

16. Plaintiff's suit is barred by the statute of limitations or other applicable time limit for filing suit.

**WHEREFORE**, Defendant First Express requests judgment in its favor and against Plaintiff dismissing the complaint, with prejudice, and for such other, further and different relief as this Court may deem just and proper.

## CROSSCLAIM FOR CONTRTIBUTION AND/OR INDEMNIFICATION

By way of crossclaim, Defendant First Express seeks contribution and/or indemnification from each and every co-defendant for any and all fees, costs, judgments, settlements and/or other losses of any kind or type that they have incurred and/or may in the future incur in connection this matter, including attorney's fees.

**WHEREFORE**, Defendant First Express requests judgment in its favor and against co-defendants awarding damages, fees, costs and such other and further relief as this Court may deem just and proper.

*/s/ Alexander J. Anglim*
Alexander J. Anglim

**ANGLIM LAW LLC**
991 Highway 22, Suite 200
Bridgewater, NJ  08807
(908) 595-2122 (phone)
(908) 864-8099 (fax)
aja@anglimlaw.com

*Attorney for Defendant*
*First Express Logistics, Inc.*

Dated: April 18, 2014

### JURY DEMAND

Defendant First Express demands jury trial for all issues so triable.

*/s/ Alexander J. Anglim*
Alexander J. Anglim

**ANGLIM LAW LLC**
991 Highway 22, Suite 200
Bridgewater, NJ  08807
(908) 595-2122 (phone)
(908) 864-8099 (fax)
aja@anglimlaw.com

*Attorney for Defendant*
*First Express Logistics, Inc.*

Dated: April 18, 2014

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I, Alexander J. Anglim, of full age, certify that the matter in controversy in this action is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on April 18, 2014.

*s/ Alexander J. Anglim*
Alexander J. Anglim

**ANGLIM LAW LLC**
991 Highway 22, Suite 200
Bridgewater, NJ  08807
(908) 595-2122 (phone)
(908) 864-8099 (fax)
aja@anglimlaw.com

*Attorney for Defendant*
*First Express Logistics, Inc.*